Ralph T. Hisey, of Cleveland, Ohio, for Henry W. Collinson and others.

Ropes, Gray, Boyden & Perkins and Roger Ernst, all of Boston, Mass., for Old Colony Trust Co.

Charles A. Colton, of Boston, Mass., for Boston Transcript Co.

Hale, Sanderson, Byrnes & Morton, Clifford H. Byrnes, and Benjamin B. Priest, all of Boston, Mass., for May McK. Bowman.

Henry E. Foley, of Boston, Mass., for Otis & Co.

Joseph L. Weiner and Edmund Burke, Jr., both of Washington, D. C., and Joseph P. Rooney, Regional Administrator, and Coleman Silbert, both of Boston, Mass., for Securities and Exchange Commission.

458

See, also, 35 F.Supp. 66.

Rene A. Viosca, U. S. Atty., and J. Skelly Wright, Hilary J. Gaudin, and Robert Weinstein, Asst. U. S. Attys., all of New Orleans, La., for the United States.

Charles W. Kehl, Fernando J. Cuquet, Jr., and Warren O. Coleman, all of New Orleans, La., for defendants.

CAILLOUET, District Judge.

The demurrer urged to Counts 5 and 6 of the indictment herein is not well founded in law.

To constitute the crime which is denounced by Section 338, Title 18 U.S. C.A., it is sufficient that the mails are used, or are caused to be used, in the actual, or attempted, execution of a devised scheme or artifice to defraud.

The two counts under attack specifically charge the devising of such a scheme or artifice to defraud, and the subsequent use of the mails in furtherance thereof.

In disposing of said demurrer, the allegations in question must be accepted as true.

The mere fact that the scheme or artifice to defraud originated with respect to, and in the course of, the discharge of defendants' duties as primary election commissioners in no wise justifies the contention of defendants that, since it is the policy of Congress to leave the conduct of the election of its members to State laws, administered by State officers, such commissioners (although they might *otherwise* be fairly charged with having violated the mail fraud statute) may not legally be charged and tried for the crime denounced because, forsooth, *this* would operate the control and regulation of a State election, contrary to the policy of non-interference therewith hitherto pursued by Congress.

The mail fraud statute denounces *the use of the mails,* in the actual, or attempted, execution of *any* devised scheme or artifice to defraud, *or* for obtaining money or property by means of false or fraudulent pretenses, representations or promises, and the counts 5 and 6 of the indictment herein properly charge the statute's violation.

There is *no* question *here* of paramount policy, such as defendants' counsel seek to urge upon the Court, viz., the policy of no congressional regulation of State elections paramount as against the congressional policy of preventing the use of the United States mail in furtherance of a scheme or artifice to defraud.

If the Government's use of the mail fraud statute in such a case as *this* actually regulates the acts of persons serving as commissioners, insofar as such acts have for their intended purpose and end the denounced misuse of the United States mail under cover of the official discharge of their duties as such commissioners of election, it can not be reasonably contended that *this* evidences an attempted *ignoring* of the claimed policy of Congress not to interfere in the conduct of elections by the State.

The unlawful act of the commissioners in the alleged devising of the scheme to defraud and in thereafter using the mails in the execution thereof is the subject of congressional regulation.

Congress definitely intends that the misuse of the mails shall be controlled even though it be its policy to leave the control of elections to the several States.

In view of the premises, the demurrer is overruled.