## UNITED STATES v. JOHNSON et al.
### No. 8724.

Circuit Court of Appeals, Seventh Circuit.
April 27, 1945.

Rehearing Denied May 11, 1945.

See, also, 53 F.Supp. 596.

John A. Nash, Albert I. Kegan, Voyle Clark Johnson, and Walter F. Dodd, all of Chicago, Ill., for appellants.

J. Albert Woll, U. S. Atty., of Chicago, Ill., and Thomas M. Darnall and Tom C. Clark, both of Washington, D. C., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

EVANS, Circuit Judge.

Appellants were each fined $1,000 upon conviction of a charge of violating the Federal Denture Act, 18 U.S.C.A. § 420f. That Act makes it a criminal offense to send dentures, made from casts or impressions, through the mail or in interstate commerce, into a state which prohibits the taking of impressions by a person not licensed to practice dentistry, and the construction of such dentures by a person other than, or without the authorization or prescription of, a person licensed under the laws of such state to practice dentistry.

The indictment, containing eleven counts, charged defendants with sending such dentures to persons in Wisconsin, Michigan, and Indiana, the dentures having been constructed from impressions made by the recipients from materials furnished by defendants.

A jury trial was waived; a stipulation of essential facts was filed. The defendants' motion to quash the indictment and demurrer was overruled by the trial court, which was followed by the imposition of fines and this appeal.

The pertinent portions of the Federal statute are set forth in the margin.[1] Also we cite the applicable sections of Wisconsin, Michigan, and Indiana statutes.

The gist of appellants' contentions is that there can be no violation of a valid statute where their *customers* make impressions of their *own* mouths, and appellants receive such impressions through the mail, and then construct the artificial teeth therefrom, and mail them back to the customer.

Secondly, it is argued, if such action be construed to violate the Acts quoted above, then the Acts must be condemned because no statute may constitutionally prevent a person from taking an impression of his own mouth. Thirdly, the statutes are unconstitutional because they unduly restrict the operation of a dental laboratory to making dentures from casts made by licensed dentists. It is argued such a statute is a denial of an individual's right to do business. Appellants assert that they rely on the Fifth and Fourteenth Amendments to the Federal Constitution.

We deem it unnecessary to dwell at length on any of appellants' contentions. Conceding for the purpose of this appeal that no law which prohibits a person's making an impression of his own mouth could be constitutional, appellants here went much further. In doing so, they ran directly into statutes which were valid.

We are not as willing as appellants to underestimate—or repudiate or censure—the value of a dentist's services, nor the necessity for their state licensing to insure a reasonable standard of dental skill and knowledge. The states of Indiana, Michigan, and Wisconsin (inter alia) have seen fit, in the wisdom of their legislators, to protect their citizenry from the lay public's practice of dentistry. The Federal Government has cooperated and endeavored to bolster the states' policy by the passage of the Act prohibiting exportation of

---

[1] Federal statute: 18 U.S.C.A. § 420f. "It shall be unlawful, in the course of the conduct of a business of constructing or supplying dentures from casts or impressions sent through the mails or in interstate commerce, to use the mails or any instrumentality of interstate commerce for the purpose of sending or bringing into, any State or Territory the laws of which prohibit—

"(1) the taking of impressions or casts of the human mouth or teeth by a person not licensed under the laws of such State or Territory to practice dentistry;

"(2) the construction or supply of dentures by a person other than, or without the authorization or prescription of, a person licensed under the laws of such State or Territory to practice dentistry; or,

"(3) the construction or supply of dentures from impressions or casts made by a person not licensed under the laws of such State or Territory to practice dentistry, any denture constructed from any cast or impression made by any person other than, or without the authorization or prescription of, a person licensed under the laws of the State or Territory into which such denture is sent or brought to practice dentistry."

Wisconsin Statutes, 1943, Sec. 152.02; Burns Indiana Statutes, 1943, Sec. 63-522; Michigan Public Acts, 1939, No. 122, Sec. 14.629.

dentures to a state which prohibits dentures made by lay folks without expert dental supervision, from being made and sold.

Appellants fail to see, or profess not to see, the necessity for intelligent and skilled construction of artificial teeth. To the open-minded, the wisdom of this kind of legislation seems quite obvious. It falls within the category of legislation for the public health which is a prime, as well as a worthy, purpose of government. That the Federal Government, under its interstate commerce power may aid such state legislation, is not debatable. Such legislation is constitutionally unchallengeable.[2]

The judgment is affirmed.

2 Clark Distilling Co. v. Western Maryland Ry. Co., 242 U.S. 311, 37 S.Ct. 180, 61 L.Ed. 326, L.R.A.1917B, 1218, Ann. Cas. 1917B, 845; Whitfield v. State of Ohio, 297 U.S. 431, 56 S.Ct. 532, 80 L.Ed. 778; Brooks v. United States, 267 U.S. 432, 45 S.Ct. 345, 69 L.Ed. 699, 37 A.L.R. 1407; Griswold v. President of United States, 5 Cir., 82 F.2d 922; United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430; Badders v. United States, 240 U.S. 391, 36 S.Ct. 367, 60 L.Ed. 706.