**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lester B. PATTERSON, Defendant-Appellant.**

**No. 13687.**

United States Court of Appeals
Seventh Circuit.

Feb. 15, 1963.

A. Bradley Eben, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., S. John Templeton, Jr., Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before SCHNACKENBERG, CASTLE, and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Defendant was convicted of violating 18 U.S.C. § 1821 by mailing into Michigan and Illinois dentures constructed from impressions taken by persons unauthorized to do so in those states.[1]

1. 18 U.S.C. § 1821 provides, in part, as follows: "Whoever * * * uses the mails or any instrumentality of interstate commerce for the purpose of sending or

He was sentenced to six months imprisonment on Counts 1 and 3 of the indictment.[2]

Defendant, under name of Clinical Dental Laboratory, operated a mail order business in Chicago. He renewed and repaired old dentures and made new ones from old ones. He also sold "Fit-Tite," a paste substance for use of his customers. In response to defendant's advertisement, Burke and Gray, residents of Michigan and Illinois, respectively, ordered and were sent tubes of Fit-Tite with instructions for its use. They used the Fit-Tite as instructed and mailed their old dentures to defendant for construction of new ones. The dentures were sent by defendant to the Spencer Dental Laboratory and when the work on them was done defendant mailed the dentures to Burke and Gray.

■ Since the sentence imposed is general as to Counts 1 and 3, and is within the limit of the punishment authorized for either Count, a valid conviction on either is sufficient to support the judgment, United States v. Karavias, 170 F.2d 968, 971 (7th Cir., 1948). Because we find no error in the judgment of conviction on Count 1, we shall not discuss Count 3.

■ The Government's burden was to prove beyond a reasonable doubt the essential allegations of Count 1:[3] (a) the taking by Burke of an impression of his mouth and that he was unauthorized to practice dentistry in Michigan,[4] (b) the "construction" by defendant of the denture from that impression, and (c) the mailing by defendant of the constructed denture from Chicago into Michigan.

Defendant concedes that under Michigan law, the taking of an impression of teeth is the practice of dentistry and that Burke was not licensed to practice dentistry. But he argues that the Michigan statute could not constitutionally prohibit Burke from performing upon himself what would be the practice of dentistry if performed by him upon another; and that consequently Burke was not engaged in practicing dentistry when he took the impression of his own mouth. Defendant relies upon United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236 (1944) and United States v. Johnson, 149 F.2d 53 (7th Cir., 1945), cert. denied, 326 U.S. 722, 66 S.Ct. 28, 90 L.Ed. 428 (1945). Both cases are authority for the Government.

■■ 18 U.S.C. § 1821 does not prohibit Burke from taking an impression

bringing into any State or Territory any set of artificial teeth or prosthetic dental appliance or other denture, constructed from any cast or impression made by any person other than, or without the authorization or prescription of, a person licensed to practice dentistry under the laws of the place into which such denture is sent or brought, where such laws prohibit; (1) the taking of impressions or casts of the human mouth or teeth by a person not licensed under such laws to practice dentistry; * * *."

2. Count 2 was dismissed by the Government before trial.

3. Count 1 of the indictment charged, in principal part, as follows: "That on or about June 3, 1955, at Chicago, Illinois, * * * LESTER B. PATTERSON, defendant while engaging in a mail-order business under the name, CLINICAL DENTAL LABORATORIES, unlawfully and wilfully used the mails for the pur-

pose of sending into the State of Michigan a set of artificial teeth constructed from casts and impressions made by a person other than and without the authorization and prescription of a person licensed to practice dentistry under the laws of the State of Michigan * * *."

4. § 14.629(16), Michigan Statutes Annotated, Comp.Laws 1948, § 338.216, provides, in part, as follows: "It shall be unlawful for any person to practice dentistry * * * not being at the time a dentist licensed to practice as such in this state * * *." § 14.629(12), Comp.Laws 1948, § 338.212 provides, in part, as follows: "A person practices dentistry * * * when * * * he takes impressions of the human tooth, teeth, jaws, or performs any phase of any operation incident to the replacement of a part of a tooth, teeth or associated tissues * * *."

of his own mouth. It prohibits the mailing of dentures made from impressions taken by unauthorized persons into any state, like Michigan, seeking "to protect their citizenry from the lay public's practice of dentistry," and the section is a cooperative endeavor to bolster state policy. United States v. Johnson, 149 F.2d 53, 54 (7th Cir., 1945).[5] "Such legislation is constitutionally unchallengeable." Id. at 55.

This court, in Johnson, affirmed a defendant's conviction against the very argument made here about Burke's freedom to take the impression of his own mouth. Defendant, not Burke, is being prosecuted and we are not concerned here with whether Burke could be successfully prosecuted in Michigan for taking the impression. We are concerned only with defendant's mailing into Michigan the denture made from the "impression" taken by Burke, where Burke's conduct was unauthorized by Michigan law. Burke's conduct is a link in the chain of events culminating in the offense defined in § 1821. The Michigan statute enters into the definition of the offense only for the purpose of identifying a state into which dentures may not be mailed. United States v. Patterson, 155 F.Supp. 669, 673 (N.D.Ill.1957).

▮ There is no merit in the contention that the Government failed to sustain its burden of proving beyond a reasonable doubt that Burke took an impression of his mouth. It was not necessary that he take an impression as a

dentist would.[6] In fact, it is because these self-taken impressions would not be acceptable to licensed dentists that the states, having an interest in skilled dentistry as a necessary aid to the health of their citizens, proscribe the practice of laymen taking impressions. United States v. Johnson, 149 F.2d 53, 54 (7th Cir., 1945). It was enough for the Government to prove that what Burke said he did with Fit-Tite and his denture was taking an impression; and that the result of what he did, alteration of his old denture by adding Fit-Tite, was the basis of the "new" and "better fitting" denture defendant constructed for him through Spencer Laboratory. The Federal Government could not further the state policy if it were necessary to prove that the impressions made by laymen were "impressions in the dental sense." [7]

▮ There is no merit either in the claim of error in overruling defendant's objection to the hypothetical question put to the Government's expert. We think there is sufficient evidence of the plastic quality of Fit-Tite, in defendant's instructions to customers,[8] which formed part of the question, to justify the ruling, which was well within the discretion of the District Court.

▮ Finally, we see no prejudicial error in the cross-examination of defendant about his use of a fictitious name in operating his business. This was some evidence that he knew he should not be doing what was done, and was admissible, in the court's discretion, to

---

5. Judge Evans was discussing the Federal Denture Act, 18 U.S.C. § 420f, predecessor to § 1821, and, for our purposes, not substantially different.

6. Defendant's brief defines "impression in the dental sense" as "the negative form of the teeth and/or other tissues of the oral cavity made in a plastic material which becomes relatively hard or set while in contact with the tissues." Another definition given by defendant is "the impressed reverse or negative of the surface of any object in a plastic substance * * *."

7. Defendant's brief states: "both Gray and Burke removed the dentures they

were then wearing * * * applied the paste from the tube to the crevices of the dentures where they met the gums and reinserted the plates in their mouths. Burke retained his denture in his mouth for about 24 hours and Gray about three quarters of an hour. * * * each of them removed the dentures and sent them to defendant. * * * Subsequently, they received new dentures by mail from the defendant." This shows that Burke took an impression within the meaning of the federal and Michigan statutes.

8. In the instructions to customers, defendant referred to Fit-Tite as a "moulding compound."

show guilty knowledge. That it and other assumed names were used by him in other businesses may have suggested fraud, but was nevertheless not error. United States v. Iacullo, 226 F.2d 788, 793 (7th Cir., 1955), cert. denied, 350 U.S. 966, 76 S.Ct. 435, 100 L.Ed. 839 (1956).

We have passed on all the points raised that are necessary for this decision, and find no error. For the reasons given, the judgment is

Affirmed.