**UNITED STATES of America,
Appellee,**

v.

**Charles W. ANDERSON and Anita
Anderson, Appellants.**

**No. 72–1171.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1972.

Decided Oct. 3, 1972.

Thad F. Niemira, William R. Kirby, St. Louis, Mo., and John M. Bray and Rodney F. Page, Washington, D. C., for appellants.

No brief for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

In United States v. Anderson, 447 F. 2d 833 (8th Cir. 1971), this Court affirmed the judgment of conviction as to two of eleven counts of an indictment charging mail fraud, 18 U.S.C. § 1341, against the Andersons. A petition for rehearing was denied, and the Andersons unsuccessfully petitioned for a writ of certiorari in the United States Supreme Court. 405 U.S. 918, 92 S.Ct.

943, 30 L.Ed.2d 788 (1972). Subsequently, the Andersons filed a motion in the trial court, pursuant to Rule 35, Federal Rules of Criminal Procedure, for correction or reduction of the consecutive sentences imposed on the two counts. They likewise renewed earlier motions for a new trial and judgment of acquittal in light of the change in evidence, as a result of this Court's decision, upon which the convictions rest. This appeal was taken from the trial court's denial of all three motions. We find the claims raised to be without merit and therefore affirm the denial of those motions.

 The Andersons urge that because their convictions rest upon two counts of mail fraud which involved the same property and were part of a single scheme, there was a single offense and consecutive sentences were impermissible.[1] However, their argument disregards the principle that the gist of the offense, under 18 U.S.C. § 1341, is the insertion of the matter intended to effect the scheme to defraud in the mail. Thus, each mailing in violation of the mail fraud statute is a separate offense. Atkinson v. United States, 344 F.2d 97, 98 (8th Cir. 1965), cert. denied, 382 U.S. 867, 86 S.Ct. 141, 15 L.Ed.2d 106 (1966); see Badders v. United States, 240 U.S. 391, 393, 36 S.Ct. 367, 60 L.Ed. 706 (1916). It should also be noted that while the mailings in Counts II and III involved the same real estate, they were mailed to two different persons in furtherance of a scheme to defraud those two individuals and others.

The other argument advanced by the Andersons is that their convictions cannot stand on the evidence remaining after striking the testimony held inadmissible by this Court on their appeal. We

decided that question then, and nothing in the motions filed subsequent thereto raises any new issue sufficient to justify further consideration of the matter by this Court.

The trial court's denial of the motions is affirmed.

---

1. As an alternative in their motion for correction or reduction of sentence to the trial court, the Andersons raised their advanced age in relation to the sentences. However, "a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review." United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). We find no compelling reason present in this case to disturb the trial court's discretion in denying the motion to reduce the sentences.