358 F.Supp. 865 (1973)
Sidney E. PORTER, Petitioner,
v.
UNITED STATES of America, Respondent.
No. 73 C 87(A).
United States District Court, E. D. Missouri, E. D.
May 1, 1973.
Sidney F. Porter, pro se.
Daniel Bartlett, Jr., U. S. Atty., Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for respondent.

MEMORANDUM AND ORDER
HARPER, District Judge.
The petitioner has filed a motion under 28 U.S.C.A. § 2255 to allow all of his sentences on several counts in 67Cr 139(1) to run concurrently with the sentence under Count 14. In addition, the petitioner seeks to proceed in forma pauperis, and petitioner has been granted leave to proceed in forma pauperis.
Petitioner was one of nine defendants indicted in 1967 (Cause No. 67Cr 139 [1]) in a twenty-one count indictment. During the trial eleven counts were dismissed by the government. Petitioner was found guilty on Counts 3, 4, 5, 6, 7, 8, 13, 14, 18 and 20. He was sentenced to four years on each of Counts 3, 4, 5, 6 and 13, the term imposed on Counts 4, 5, 6 and 13 to begin and run concurrently with Count 3; two years on each of Counts 7 and 8, the term imposed under Count 8 to begin and run concurrently with Count 7; four years under Counts 14, 18 and 20, the term imposed on Counts 18 and 20 to begin and run concurrently with Count 14; and the sentences under Counts 3, 7 and 14 to begin and run consecutively and cumulatively, and not concurrently, making a total term of imprisonment of ten years.
Counts 3, 4, 5 and 6 related to securities fraud violations of 15 U.S.C.A. § 77q(a) for transactions occurring in Missouri. Counts 7 and 8 related to securities fraud violations of 15 U.S.C.A. § 77q(a) for transactions occurring in Illinois. Count 13 charged violation of 15 U.S.C.A. § 77e(c). Counts 14, 18 and 20 were brought under 18 U.S.C.A. § 1341 relating to mail fraud.
The petitioner's conviction was affirmed by the Eighth Circuit Court of Appeals in United States v. Porter et al., 441 F.2d 1204, and certiorari was denied.
While generally a hearing is necessary prior to the disposition of 2255 motions, this requirement is subject to the statutory qualifications that the files and records of the case may be sufficient alone *866 to dispose of the motion where they show that the petitioner is entitled to no relief.
In the present motion petitioner raises the claim that at the trial he was placed in double jeopardy by reason of the fact that he was indicted and convicted for violation of both mail fraud and securities provisions when the evidence was the same to prove both violations and the overall scheme.
In Ferina v. United States, 340 F.2d 837, certiorari denied 381 U.S. 902, 85 S.Ct. 1446, 14 L.Ed.2d 284, the Eighth Circuit Court of Appeals at page 838 stated:
"Constitutional immunity from double jeopardy is a personal right which if not affirmatively pleaded by the defendant at the time of trial will be regarded as waived; * * * or deemed impliedly waived where, as here, the petitioner pleaded not guilty and proceeded to trial, verdict, and judgment without raising the defense until his post-trial motions. (Citing cases.)"
While the above cited case would seem to dispose of this matter, the Court will note in passing that it is well recognized in cases involving 15 U.S.C.A. § 77q(a) of the Securities Act and 18 U.S.C.A. § 1341 of the Mail Fraud Act, that the gist of the offense is the mailing of the letters, which is recognized in petitioner's motion.
In United States v. Anderson, 466 F.2d 1360 (8th Cir.), at page 1361 the Court had this to say:
"The Andersons urge that because their convictions rest upon two counts of mail fraud which involved the same property and were part of a single scheme, there was a single offense and consecutive sentences were impermissible. However, their argument disregards the principle that the gist of the offense, under 18 USCA 1341, is the insertion of the matter intended to effect the scheme to defraud in the mail. Thus, each mailing in violation of the mail fraud statute is a separate offense. (Citing cases.)"
In Sanders v. United States, (5 Cir.) 415 F.2d 621, a case in many respects similar to the case in which this petitioner was tried and convicted, the Court at page 626 said:
"We consider now appellant's contention that it was error to sentence him to successive sentences on counts involving essentially the same evidence. * * * On each of the eleven securities fraud counts he was sentenced to five years imprisonment, these eleven sentences to run concurrently with one another. On each of the eleven mail fraud counts he was likewise sentenced to five years imprisonment, these eleven separate sentences to run concurrently as among themselves but consecutively to the five year term imposed on the securities fraud counts. * * * It is settled that each separate use of the mails in the execution of a scheme to defraud constitutes a separate offense. (Citing cases.) And it has long been settled that consecutive sentences may be imposed for the violation of a criminal statute and for conspiracy to violate it. (Citing cases.) * * * [T]he proper construction of 15 USCA 77g(a) is that each fraudulent offer or sale of any security accompanied by mailing or use of any means or instruments of transportation or communication in interstate commerce is a separate crime. (Citing cases.)"
Cases are legion that hold the same as the Anderson and Sanders cases, supra.
Further, it is well established that petitioner may not raise again on motions pursuant to Section 2255 what has already been ruled upon adversely to him on direct appeal. Cardarella v. United States, 351 F.2d 443, 447 (8th Cir.)
In petitioner's initial appeal (United States v. Porter, supra), the Court discussed the various counts, the mailings with respect to each count, and held *867 that the mailing in each count was sufficient to support the jurisdiction of the violations. Once a matter has been decided adversely to a defendant it cannot be relitigated in a 2255 motion.
Accordingly, petitioner's motion to have all the sentences on all counts run concurrently with the sentence on Count 14 is overruled in all particulars.