UNITED STATES of America,
Appellee,

v.

Sidney ROSENBLUM, Defendant-
Appellant.

No. 68, Docket 28839.

United States Court of Appeals
Second Circuit.

Argued Oct. 14, 1964.

Decided Dec. 16, 1964.

David M. Dorsen, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., and John W. Mills, Asst. U. S. Atty., on the brief), for appellee.

Milton M. Craner, New York City, for defendant-appellant.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

SMITH, Circuit Judge.

Sidney Rosenblum appeals from a judgment convicting and sentencing him on 13 counts for mail fraud in violation of 18 U.S.C. § 1341, entered after trial to the court, jury waived, in the United States District Court for the Southern District of New York, Edmund L. Palmieri, Judge. We find no error and affirm the judgment on all counts.

The fraudulent scheme consisted of first an advertisement, appearing in several national magazines, which offered free particulars on how to make $25–50 per week by clipping newspaper items for publishers. Those who gambled the postage then won the chance to purchase, for $3.00, a pamphlet entitled, "42 Concerns who pay cash for newspaper clippings." Contrary to the representations in this pamphlet, the clippers testified that there was absolutely no market for their clippings.

■ Rosenblum claims in his brief that the mail fraud statute does not cover the crime for which he was convicted, i. e., misleading advertising, and he cites Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88 (1944), and Parr v. United States, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960), in support of this argument. However, both these decisions are inapplicable. The Supreme Court in Parr reversed the conviction because the indictment did not charge any use of the mails for executing the fraudulent scheme; that is hardly the case here. In Kann, the conviction was reversed because the mails were not used by the participants to execute any part of the dishonest plan which had been fully consummated before the mailings; but here the entire process for the sale of the pamphlet necessarily had to be conducted through the mails.

■ Another point raised by Rosenblum, which is equally without merit, is that the trial judge, who served as both judge and jury, deprived Rosenblum of his rights against self-incrimination under the Fifth Amendment by taking Rosenblum's failure to testify into consideration in reaching the verdict. Admittedly, the judge did state at the time of sentence some six weeks after the finding of guilty, that the defendant had not taken the stand, but that remark was merely made in response to an assertion by Rosenblum's counsel that defendant had been forthright. The judge was simply questioning the impression that counsel was attempting to convey in his plea for leniency in the sentence.

■ Rosenblum asserts several errors committed by the trial court in the admission of certain evidence. For one, it is claimed that the court improperly admitted into evidence original post office forms which defendant had personally filled out and submitted to the post office in connection with the C.O.D. mailings of his pamphlet to 133 prospective clippers in October 1959. Defendant contends that he was prejudiced because the 133 persons were not brought into court and subjected to cross-examination. It is claimed by the Government that these forms were business records of the United States under the Federal Business Records Act and were admissible to prove the events described therein. Korte v. New York, N. H. & H. R. Co., 191 F.2d 86 (2 Cir. 1961). Appellant questions whether the proof of record-keeping is sufficient to qualify under that Act. However, a document which amounts to an admission is admissible into evidence where the defendant has identified it before the grand jury as a document which he had prepared. United States v. Johnson, 165 F.2d 42 (3 Cir. 1947). Defendant admitted in the Grand Jury hearing that he had personally prepared these forms. Furthermore, the record reveals that whatever objection counsel might have had to this evidence was not properly preserved. Counsel objected to the introduction of Government's Exhibit 33 on the ground that these were confidential records; the only possible objection was that they were hearsay. There is no merit to defendant's argument that his right under the Sixth Amendment "to be confronted with the witnesses against him" was violated by the admission of

these records. The exhibit merely substantiated defendant's own act—his having mailed clipping materials to 133 named individuals each of whom paid $3.00 plus postage—and did not in any way have the effect of introducing testimony of the 133 recipients.

■ Secondly, it is claimed that the admission in evidence of portions of defendant's testimony before the Grand Jury constituted reversible error because he was not apprised of his constitutional rights at the time he testified and because portions of the testimony were deleted. The record clearly discloses, however, that Rosenblum was carefully advised as to his constitutional rights before he testified, and it is not required that all the Grand Jury testimony be put in the record, provided that the statements admitted are given sufficiently in their context so as not to confuse the trier. United States v. Johnson, supra, 165 F.2d at p. 48.

■ Defendant also asserts that it was prejudicial to permit a former United States Attorney to testify concerning a 1952 action which was brought against the same defendant for an alleged violation of the mail fraud statute. In that case, the charges were dropped in return for defendant's signing a cease and desist order and consenting to a return of all material and money in his possession. These facts were admissible to aid the prosecution in negativing the defense's claim of innocent intent, since the events testified to occurred in 1952, the same year it was alleged in the indictment that defendant commenced his scheme to defraud. See United States v. Gannon, 244 F.2d 541 (2 Cir. 1957). Furthermore, it was not necessary for the Government to produce the cease and desist order in court because only the fact that a cease and desist order was signed was relevant and not the truth of the facts recited therein.

■ Lastly, defendant's argument that the trial court was flooded with hearsay testimony when a number of publishers listed in the pamphlet were called is patently erroneous. The testimony of the publishers was not hearsay, but upon personal knowledge of company policy, and intended to show that the publishers listed in the pamphlet had no use whatsoever for any unsolicited clippings, and that they had received a flood of such clippings during the period of defendant's operation. It was conceded on trial that any publishers brought to court would testify that Rosenblum did not get consent to use their names in the pamphlet. All other hearsay arguments urged by the defendant are equally without merit.

The judgment appealed from is affirmed on all counts.