UNITED STATES of America,
Appellee,

v.

Jasper J. MIRABILE, Appellant.

No. 74–1367.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 9, 1974.

Decided Oct. 15, 1974.

Rehearing Denied Nov. 7, 1974.

James L. Rider, Washington, D. C., for appellant.

Michael A. DeFeo, Sp. Atty., Dept. of Justice, Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

The primary focus of this appeal is the federal mail fraud statute, 18 U.S.C. § 1341 (1970). Issues have been raised regarding the scope of that statute and its applicability in the context of a state misdemeanor violation, namely, fraudulent misrepresentation of gross sales on sales/use tax returns. In addition, this appeal challenges the trial court's denial of a motion to dismiss on the basis of selective and discriminatory prosecution. We affirm.

Appellant Mirabile, owner and operator of a Kansas City, Missouri restaurant, was indicted by a federal grand jury in 1973. The indictment charged that Mirabile had devised and taken part in a scheme in which the gross retail sales of his restaurant were understated on the monthly sales/use tax returns that he caused to be mailed to the Missouri Department of Revenue. As a result, the state was defrauded of approximately $28,000 over a two and one-half year period. In United States v. Mirabile, 369 F.Supp. 1108 (W.D.Mo.1974), the district court denied a motion to dismiss the indictment and held that federal jurisdiction under § 1341 was proper. Subsequently, appellant was found

guilty of mail fraud in a jury trial and placed on probation for five years.

The initial contention on appeal is that a scheme to defraud the state of Missouri by submitting false sales/use tax returns by mail is beyond the intended scope of § 1341.[1] Appellant urges that the use of the mail fraud statute should be restricted to frauds involving federal injury and abuse of the Postal Service. It is argued that in furtherance of the intended purpose of the statute and in the interest of federal-state relations, all other fraud should be left to the states for enforcement. The fact that the statute has never been used in connection with fraudulent tax returns is, according to appellant, evidence of the error in the instant case.

However, the statute on its face is not limited in the manner suggested by the appellant; nor does it exempt the conduct in which appellant engaged. It clearly applies to *"any* scheme or artifice to defraud" in which the jurisdictional means (the mails) are employed. United States v. States, 488 F.2d 761, 764 (8th Cir. 1973). In the absence of a clear showing of contrary legislative intent, National Railroad Passenger Corporation v. National Association of Railroad Passengers, 414 U.S. 453, 458, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974), "the general rule of statutory construction requires the courts to ascertain the intent of legislation from the language used * * * if it is clear and plain and the act is internally cohesive." Community Blood Bank v. F. T. C., 405 F.2d 1011, 1015 (8th Cir. 1969).

We must interpret the plain language of § 1341 "broadly and liberally * * * to further the purpose of the statute; namely, to prohibit the misuse of the mails to further fraudulent enterprises." United States v. States, *supra* 488 F.2d at 764. Such an interpretation is totally consistent with the ever-expanding role the mail fraud statute has played.

The diversity of schemes brought within the purview of § 1341 illustrates the expansive reading that is generally given to that statute. *See, e. g.,* United States v. States, *supra* 488 F.2d at 764–765; United States v. George, 477 F.2d 508 (7th Cir.), cert. denied, 414 U.S. 827, 94 S.Ct. 155, 38 L.Ed.2d 61 (1973); United States v. Edwards, 458 F.2d 875 (5th Cir.), cert. denied, 409 U.S. 1029, 93 S.Ct. 459, 34 L.Ed.2d 148 (1972); United States v. Shewfelt, 455 F.2d 836 (9th Cir.), cert. denied, 406 U.S. 944, 92 S.Ct. 2042, 32 L.Ed.2d 331 (1972); United States v. Rosenblum, 339 F.2d 473 (2d Cir. 1964). Thus the contention that § 1341 was not meant to cover the fraud in the instant case is not persuasive.[2]

Appellant argues that the application of § 1341 in this case is an impermissible intrusion into state affairs. However, the fact that the underlying fraud here may violate state law does not exclude it from the proscription of the mail fraud statute. Parr v. United States, 363 U.S. 370, 389, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960); United States v. Flaxman, 495 F.2d 344, 349 (7th Cir. 1974); United States v. States, *supra* 488 F.2d at 767; United States v. Ed-

---

1. The statute, 18 U.S.C. § 1341 (1970), provides, in relevant part, as follows:

    Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises * * * for the purpose of executing such scheme or artifice or attempting to do so * * * knowingly causes to be delivered by mail according to the directions thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any (matter or thing whatever to be sent or delivered by the Postal Service) shall be fined not more than $1,000 or be imprisoned not more than five years, or both.

2. We similarly reject appellant's attempt to equate the present case with Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 19, 77 L.Ed. 511 (1932). The interpretation that we have given to § 1341 produces neither the "absurd consequences" nor the "flagrant injustice" that brought about the *Sorrells* entrapment doctrine. *Id.* at 287 U. S. 446–452, 53 S.Ct. 19, 77 L.Ed. 511.

wards, 458 F.2d 875, 880 (5th Cir.), cert. denied, 409 U.S. 1029, 93 S.Ct. 459, 34 L.Ed.2d 148 (1972).

Appellant's contention is premised upon a basic misinterpretation of the rationale behind the mail fraud statute. This court recently stated, "[t]he focus of the statute is upon the misuse of the Postal Service, not the regulation of state affairs, and Congress clearly has the authority to regulate such misuse of the mails." United States v. States, *supra* 488 F.2d at 767. In this case, as in *States,* principles of federalism do not provide a basis for reversal.

Appellant also alleges that the mailings in this case were not an integral part of the scheme to defraud and therefore the fraud does not fall within the proscription of the mail fraud statute. We disagree. In United States v. Nance, 502 F.2d 615 (8th Cir. 1974), this court discussed the "use of the mails" requirement in connection with § 1341 and stated:

> \* \* \* To bring the scheme within the ambit of the mail fraud statute, the mails must be used for the purpose of executing the scheme, Kann v. United States, 323 U.S. 88, 93 [65 S. Ct. 148, 89 L.Ed. 88] (1944) ; must be employed before the scheme reaches fruition, United States v. Maze, 414 U.S. 395, [402] [94 S.Ct. 645, 38 L. Ed.2d 603] (1974) ; yet, need not be contemplated as an essential element of the scheme, Pereira v. United States, supra, 347 U.S. [1], at 8 [74 S.Ct. 358, 98 L.Ed. 435] (1954).

■ In the case before us, as in United States v. Flaxman, *supra* 495 F.2d at 348–349, the fraud did not reach fruition until the tax forms were mailed to the state revenue authorities. This fact distinguishes the instant case from United States v. Maze, 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974), and brings appellant's conduct in executing the fraud directly within the scope of § 1341. *See* United States v. Britton, 500 F.2d 1257 (8th Cir. 1974) ; United States v. Miles, 498 F.2d 394 (8th Cir.

1974) ; United States v. Gaskill, 491 F. 2d 981, 984 (8th Cir. 1974).

■ Appellant's final contention is that the trial court erred in denying his motion to dismiss the indictment for selective and discriminatory prosecution. We disagree. The trial court conducted an evidentiary hearing during which appellant presented his evidence with respect to the motion. This included cross-examination of the prosecutor who voluntarily testified with respect to certain interrogatories propounded by appellant. Although appellant claims his questioning of the prosecutor was unduly circumscribed by the trial court, we find no abuse of discretion in this regard. *See* United States v. Berrigan, 482 F.2d 171, 179–182 (3d Cir. 1973). Cf. United States v. Falk, 479 F.2d 616, 619–624 (7th Cir. 1973). We are satisfied from an examination of the hearing record that the trial court was warranted in holding that there was insufficient evidence to support a finding of selective and discriminatory prosecution.

Affirmed.