## BADDERS *v.* UNITED STATES.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 521.   Argued February 23, 24, 1916.—Decided March 6, 1916.

Congress has power to regulate the overt act of putting a letter into the post office of the United States; and may prohibit, under penalty, such an act when done in furtherance of a scheme which it regards as contrary to public policy, whether it can forbid the scheme or not, and so *held* as to Criminal Code, § 215.

Intent may make criminal an act, otherwise innocent, if it is a step in a plot.

Congress may enact that each putting of a letter in a post office is a separate offense.

The punishment imposed in this case on each of five counts, of five years, the periods being concurrent and not cumulative, and a fine of $1,000 on each of seven counts, *held* not to be cruel and unusual within the prohibition of the Federal Constitution.

This court condemns the extravagant and unnecessary multiplication of exceptions and assignments of error.

THE facts, which involve the construction and constitutionality of § 215, Criminal Code, and the validity of a conviction and sentence thereunder, are stated in the opinion.

*Mr. James H. Harkless,* with whom *Mr. D. R. Hite* and *Mr. Clifford Histed* were on the brief, for plaintiff in error:

Section 215 of the Criminal Code as applied to the in-

dictment, trial and conviction of the defendant, is unconstitutional and void.

As interpreted by the trial court, § 215 encounters that provision of the Constitution which provides "that excessive bail shall not be required nor excessive fines imposed, nor cruel or unusual punishment inflicted."

Where the accused is held under a Federal indictment which does not substantially state an offence against the laws of the United States, he is deprived of his constitutional right to be informed of the charge against him.

The statement of facts in that part of the indictment attempting to charge a scheme or artifice is insufficient.

The indictment is fatally defective in that it does not state facts showing that the defendant devised any scheme or artifice; also because it does not charge an intent on the part of the defendant to use the post office establishment as a means to effect the alleged scheme or artifice.

The indictment is duplicitous in that it cannot be determined whether it charges the defendant with having devised a scheme or artifice to defraud, or a scheme or artifice for obtaining property by means of false or fraudulent pretences, representations or promises.

Plaintiff in error is held to answer for an infamous crime without an indictment of a grand jury found and presented as required by law.

Having directed an officer of the court to produce material documentary evidence in his possession, necessary for the defence, the court erred in refusing defendant time and opportunity to supply secondary evidence of the contents of such documents when the officer failed to produce them, claiming that they had disappeared.

The defendant was not arraigned as required by law.

The court's refusal to give the instructions requested by the defendant constitutes material and prejudicial error.

The evidence is insufficient to sustain verdicts of guilty as to any of the counts of the indictment.

Numerous authorities, both state and Federal, support these contentions.

*Mr. Assistant Attorney General Wallace* for the United States.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case is brought to this court from the District Court under § 238 of the Judicial Code, Act of March 3, 1911, c. 231; 36 Stat. 1087, 1157, on the ground that it involves the construction and application of the Constitution of the United States. The plaintiff in error was indicted for placing letters in the mail for the purpose of executing a scheme to defraud devised by him, in violation of § 215 of the Criminal Code, Act of March 4, 1909, c. 321; 35 Stat. 1088, 1130. There were twelve counts, on seven of which, each relating to a different letter, he was found guilty. He was sentenced to five years' imprisonment on each count, the periods being concurrent not cumulative, and also to a fine of $1,000 on each, or $7,000 in all. The grounds for coming to this court are first that § 215 of the Criminal Code is beyond the power of Congress as applied to what may be a mere incident of a fraudulent scheme that itself is outside the jurisdiction of Congress to deal with; and second that if it makes the deposit of each letter a separate offence subject to such punishment as it received in this case it imposes cruel and unusual punishment and excessive fines.

These contentions need no extended answer. The overt act of putting a letter into the postoffice of the United States is a matter that Congress may regulate. *Ex parte Jackson*, 96 U. S. 727. Whatever the limits to its power, it may forbid any such acts done in furtherance of a scheme that it regards as contrary to public policy, whether it can forbid the scheme or not. *In re Rapier,*

143 U. S. 110, 134. *Public Clearing House* v. *Coyne*, 194 U. S. 497, 507. *United States* v. *Stever*, 222 U. S. 167, 173. See *Lottery Case* (*Champion* v. *Ames*), 188 U. S. 321, 357. *United States* v. *Holte*, 236 U. S. 140, 144. Intent may make an otherwise innocent act criminal, if it is a step in a plot. *Aikens* v. *Wisconsin*, 195 U. S. 194, 206. *Swift & Co.* v. *United States*, 196 U. S. 375, 396. The acts alleged have been found to have been done for the purpose of executing the scheme, and there would be no ground for contending, if it were argued, that they were too remotely connected with the scheme for the law to deal with them. The whole matter is disposed of by *United States* v. *Young*, 232 U. S. 155, 161. As to the other point, there is no doubt that the law may make each putting of a letter into the postoffice a separate offence. *Ebeling* v. *Morgan*, 237 U. S. 625. *In re Henry*, 123 U. S. 372, 374. And there is no ground for declaring the punishment unconstitutional. *Howard* v. *Fleming*, 191 U. S. 126, 135. *Ebeling* v. *Morgan*, *supra*.

The other matters discussed are before us only as incident to the constitutional questions upon which the case was brought here. As those questions merely attempt to reopen well established and familiar law it is not necessary to go beyond them. *Brolan* v. *United States*, 222 U. S. 215, 216, 222. There is the more reason for declining further consideration in the extravagant and unnecessary multiplication of exceptions and assignments of error that often has been condemned by this court. *Central Vermont Ry.* v. *White*, 238 U. S. 507, 509. If there were anything in the objections to the indictment they are not of a kind to involve constitutional rights, *Lamar* v. *United States*, 240 U. S. 60, although the argument attempts to give a constitutional turn to them and to other technical complaints, such as that the judge was absent during a part of the deliberations of the grand jury. We find no error in this or the other particulars mentioned in argument.

*Jones* v. *United States,* 162 Fed. Rep. 417, 421.  *S. C.,* 212 U. S. 576.  *Commonwealth* v. *Bannon,* 97 Massachusetts, 214, 220.  See *Brees* v. *United States,* 226 U. S. 1, 11.  As to the arraignment see *Garland* v. *Washington,* 232 U. S. 642, 646, 647.  We deem it unnecessary to go into further detail.

<div align="right">

*Judgment affirmed.*