**Paul A. SCHUMPERT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 13081.**

United States Court of Appeals
Sixth Circuit.

June 11, 1957.

William E. J. Listerman, Cincinnati, Ohio, for appellant.

James R. Tuck, Nashville, Tenn. (Fred Elledge, Jr., and Andrew M. Gant, Jr., Nashville, Tenn., on the brief), for appellee.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

The appellant was sentenced by the district court to prison terms totalling twenty consecutive years upon his plea of guilty to seven counts of a fifteen count indictment charging that he used the mails to defraud. This appeal is from the district court's denial of his motion filed under 28 U.S.C.A. § 2255 to vacate or correct his sentence.

It is the appellant's contention, ably presented by court appointed counsel, that although each of the counts covered a separate use of the mails, his fraudulent scheme was a single one, and that he was therefore guilty of but one offense punishable by a maximum term of imprisonment of five years. Each of the letters in question was different. They were not mailed simultaneously, but at different dates and to different addressees. Compare Bell v. United States,

1955, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; Rayborn v. United States, 6 Cir., 1956, 234 F.2d 368.

The appellant was sentenced under former section 338 of Title 18 U.S.C., the mailings having been made before that section was amended and incorporated in 18 U.S.C.A. § 1341. It is clear that under the language of the former section each separate mailing for the proscribed purpose constituted a separate offense. Badders v. United States, 1916, 240 U.S. 391, 394, 36 S.Ct. 367, 60 L.Ed. 706; Stumbo v. United States, 6 Cir., 1937, 90 F.2d 828, 831; Mitchell v. United States, 10 Cir., 1944, 142 F.2d 480. Whether the language of the present statute is to be similarly construed is a question we do not reach. But see Palmer v. United States, 10 Cir., 1955, 229 F.2d 861, certiorari denied, 1956, 350 U.S. 996, 76 S.Ct. 546, 100 L.Ed. 861.

The order of the district court is affirmed.