**UNITED STATES of America,
Plaintiff,**

v.

**Jasper J. MIRABILE, Defendant.
No. 73 CR 210 W–4.**

United States District Court,
W. D. Missouri, W. D.

Jan. 24, 1974.

---

Atty., U. S. Dept. of Justice, Kansas City, Mo., for plaintiff.

Larry E. Butcher, Kansas City, Mo., Thomas A. Wadden, Jr., Washington, D. C., for defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

ELMO B. HUNTER, District Judge.

On August 28, 1973, a Federal Grand Jury indicted Jasper J. Mirabile, charging, among other things, that he as owner and operator of Jasper's Italian Restaurant, Inc., 405 West 75th Street, Kansas City, Missouri, with the aid and assistance of certain accountants he employed, did devise and intended to devise a scheme and artifice to defraud the State of Missouri by fraudulently understating the gross retail sales made by the restaurant at $678,000 for the period ͺof time in question, when he knew in fact they totalled approximately $1,636,-000; and that for the purpose of executing such scheme and artifice and attempting to do so, knowingly caused to be mailed to the State of Missouri, Department of Revenue, on 27 occasions between February 20, 1970 and September 25, 1972, envelopes containing fraudulent Missouri Sales/Use Tax Returns falsely stating in the aggregate that the sales tax liability totalled only approximately $20,000, so that approximately $28,000 would be retained by Jasper's Italian Restaurant, Inc., and not remitted to the State of Missouri as lawfully required.

All parties and their counsel recognize that this case involves a novel question of application of the Mail Fraud Statute, and that appellate court guidance would be most helpful. All recognize the implications of this case have substantial national significance and are extremely important to the public as well as to these particular parties. Unfortunately, neither the United States Supreme Court nor any federal appellate court has yet addressed itself to the precise issues involved in this case.

Burt C. Hurn, U. S. Dist. Atty., Kansas City, Mo., Gary Cornwall, Special

At the suggestion of this Court and with the approval of all counsel, in order that the possibility of a proper dismissal of the indictment might be considered so as to facilitate and expedite an appellate review of the legal question of whether the indictment charged a federal offense under the Mail Fraud Statute, the Government voluntarily responded to defendant's motion for a Bill of Particulars by filing a Bill of Particulars setting out in considerable detail the ultimate facts the Government charged and intended to prove as its case against the defendant. Thus, it is the indictment itself, and also the indictment as illuminated by the Bill of Particulars, that will be examined to determine whether a federal felony offense under the Mail Fraud Statute has been charged.

A ruling in favor of defendant Mirabile to dismiss the indictment would give the Government an opportunity to appeal to obtain appellate guidance without the necessity of prior trial. However, it would be improper for this Court to so rule unless in good conscience it believes such a ruling to be in accordance with the law.

The applicable parts of the Mail Fraud Statute provide (18 U.S.C., Section 1341): "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises . . . for the purpose of executing such scheme or artifice or attempting to do so . . . knowingly causes to be delivered by mail according to the directions thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any (matter or thing whatever to be sent or delivered by the Postal Service) shall be fined not more than $1,000 or be imprisoned not more than five years, or both."

Defendant's counsel contends the Government has failed to charge a federal offense under the Mail Fraud Statute for the following reasons:

(1) The indictment does not state facts sufficient to constitute an offense against the United States, and

(2) This Court, or any other federal court is without jurisdiction to try to determine the allegations set forth in the indictment, which allegations are cognizable only by the Courts of the State of Missouri.

■■ It is axiomatic that the Mail Fraud Statute should be carefully and strictly construed in order to avoid extending its scope beyond that intended by Congress. It is the law that solely for the purpose of testing the legal validity and sufficiency of the indictment, and of the indictment as illuminated by the Bill of Particulars, the reviewing court must assume the charges contained therein are true.

■ As to defendant's first challenge, the indictment closely adheres to the language of the Mail Fraud Statute and alleges facts that clearly fall within a literal reading of the statutory language. Simplified, defendant Mirabile is charged with having devised a scheme to defraud the State of Missouri out of sales tax owed by his restaurant corporation by arranging for and executing over a period of many months sales tax reports which fraudulently and grossly understated the gross retail sales and the tax amount due the State of Missouri, and that to so mislead and defraud the State and for the purpose of executing the scheme and artifice to defraud it, the defendant did knowingly cause to be delivered by mail to the State of Missouri on some 27 occasions the fraudulent documents intended to deceive the State. The act of using the mails to carry and deliver false and fraudulent tax returns that were intended to deceive the State of Missouri and to defraud it is that kind of use of the mails proscribed by the Mail Fraud Statute. The mailings over a period of the many months involved were for the purpose of executing the scheme to defraud the State of Missouri by deceiving

it by the false returns and such mailings were sufficiently closely related to defendant's scheme as to bring his conduct within the proscription of the statute.[1]

What can be more closely related to the fraudulent scheme than the act of selecting and using the mails to deliver to the one to be deceived the very document intended to bring about the deception.[2]

As to defendant's second contention that federal courts do not have jurisdiction over the alleged offense, defendant argues in support thereof that to hold otherwise would create an intolerable strain on federal resources and render a congressionally unintended alteration in the balance of powers between the federal and state governments by intruding federal government into local matters. Without any supporting authority either by citation to specific cases that consider such a question, or to legislative history that bears on this question, defendant simply asserts that "it has never been the intent of Congress that the Mail Fraud Statute be extended to situations involving the mailing of tax returns to either state or federal revenue departments." Defendant points to the fact that in the entire history of the Statute until very recently there have been no prosecutions under the Mail Fraud Statute for mailing fraudulent state or fraudulent federal tax returns.

The above contention basically concerns congressional intent and policy. Certainly there is nothing in the statute to exempt use of the mails to defraud the federal or state government from the conduct it otherwise proscribes. There is no exemption of any particular class of entity or person if the stated elements of the offense are otherwise charged. Nor, as noted, is there any legislative history cited supporting such a construction of the Statute.

On the contrary, all types of fraud are covered by the statute without reference to whom particularly is defrauded. ". . . any kind or species of scheme or artifice to defraud is punishable in the national courts, if and whenever for the purpose of executing that scheme the postal establishment is used." United States v. Issac States, et al., 8 Cir., 1973, 488 F.2d 761; United States v. Procter & Gamble Company, 47 F.Supp. 676, 678 (D.Mass.1942); and, see, Durland v. United States, 161 U.S. 306, 313, 16 S.Ct. 508, 40 L.Ed. 709. In Blachly v. United States, 380 F.2d 665, 671, 5th Cir. 1967, it is said: "The crime of mail fraud is broad in scope * * * for as Judge Holmes once observed, "the law does not define fraud; it needs no definition. It is as old as falsehood and as versable as human ingenuity." And see Foshay v. United States, 8 Cir. 1933, 68 F.2d 205.

A reading of the very numerous cases interpreting and applying the Mail Fraud Statute convinces beyond doubt that human ingenuity seems to know no limits in devising frauds and in using the mails for the purpose of the execution of them. The language Congress used in the Mail Fraud Statute is so broad as to include all these schemes to defraud.

As to defendant's contention of unwarranted intrusion into state affairs, the Eighth Circuit Court of Appeals answered that contention. In the Issac States' case, supra, where the indictment

---

1. Other phraseology used in various cases is: The mailings were "steps in a plot", Badders v. United States, 240 U.S. 391 at 394; 36 S.Ct. 367, 60 L.Ed. 706; "parts of the execution of the fraud", Kann v. United States, 323 U.S. 88 at 95; 65 S.Ct. 148, 89 L.Ed. 88.; "incident to an essential part of the scheme" Pereira v. United States, 347 U.S. 1 at 8, 74 S.Ct. 358, at 363, 98 L.Ed. 435; made "for the purpose of executing such scheme", Parr v. United States, 363 U.S.

370 at 375, 80 S.Ct. 1171, 4 L.Ed.2d 1277. It is not necessary that the scheme contemplate the use of the mails as an essential element. United States v. Brickey, 8 Cir. 1970, 426 F.2d 680, 685; United States v. Young, 232 U.S. 155, 34 S.Ct. 303, 58 L.Ed. 548.

2. By statute and the implementing rules of the State of Missouri, a taxpayer is not required to mail in his tax return. He may, for example, hand deliver it.

charged mail fraud to defraud the voters of two St. Louis City wards by fraudulent voter registration and fraudulent obtaining of absentee ballots in a city election, the Court stated:

"Nevertheless, the appellants argue that the application of the mail fraud statute to the facts of this case will result in a 'policing' of state election procedure, and that Congress has never explicitly authorized such widespread intervention into state affairs. The appellants' argument misinterprets the purpose of the mail fraud legislation. The focus of the statute is upon the misuse of the Postal Service, not the regulation of state affairs, and Congress clearly has the authority to regulate such misuse of the mails. See Badders v. United States, 240 U.S. 391, 393, 36 S.Ct. 367, 368, 60 L.Ed. 706 (1916): 'The overt act of putting a letter into the post office of the United States is a matter that Congress may regulate * * * Whatever the limits to its power, it may forbid any such acts done in furtherance of a scheme it regards as contrary to public policy, whether it can forbid the scheme or not.' The purpose of 18 U.S.C. § 1341 is to prevent the Postal Service from being used to carry out fraudulent schemes, regardless of what is the exact nature of the scheme and regardless of whether it happens to be forbidden by state law. See Parr v. United States, 363 U.S. 370, 389, 390, 80 S.Ct. 1171, 4 L.E.2d 1277 (1960); cf. Brady v. United States, 24 F.2d 405, 407 (8th Cir. 1928). 'Congress definitely intends that the misuse of the mails shall be controlled even though it be its policy to leave the control of elections to the several states.' United States v. Classic, 35 F.Supp. 457 (E.D.La.1940).

"The appellants' argument presents no justification for refusing to apply the mail fraud statutes to the facts of this case. The prosecution of appellants in federal court for mail fraud does not interfere with the state's enforcement of its election laws. There are no grounds for dismissing the indictment under the principles of comity or the abstention doctrine or under any other principle of federalism."

By substituting the word taxes for elections, the applicability of the above language is indeed clear. It is noteworthy that Circuit Judge Ross in that opinion while lamenting the federal government's decision to instigate mail fraud prosecutions in this area, conceded that it had the power and authority to do so by joining in Senior Judge Matthes' opinion.

Based on the above authority and reasons, the undersigned Judge finds and holds that the indictment is valid and does charge a federal felony offense under the Mail Fraud Statute, 18 U.S.C., Section 1341.

Further, the indictment as illuminated and particularized in the Bill of Particulars likewise charges a federal felony offense under the Mail Fraud Statute, 18 U.S.C., Section 1341. The Bill of Particulars which likewise must be accepted as accurate for the purpose of testing a motion to dismiss the indictment makes it very clear that there was an on-going fraudulent scheme by defendant Mirabile, aided by others, covering many months of time, to defraud the State of Missouri out of substantial sales tax monies owed by the defendant to it, and that the mail was resorted to on many occasions for the purpose of executing the scheme to defraud.

While it is true that except for a similar case recently tried in the United States District Court for the Northern District of Illinois, which is now on appeal in the Seventh Circuit Court of Appeals, this is to the knowledge of counsel and this Court the first case of this kind to be brought in the Courts,[3] this is not a valid legal reason for the dismissal of the indictment.

Since the Mail Fraud Statute on its face appears to proscribe the conduct

3. Similar charges are before Judge Collinson in two cases returned by Grand Jury indictments on the same date as this case but not involving this defendant.

charged against this defendant in the indictment, the undersigned Júdge, although desirous of securing an appellate court ruling on this question at the earliest proper time, is of the opinion that he can not ethically and properly dismiss the indictment. The defendant's rights are safeguarded to the extent that if upon trial he should be convicted of this charge, upon timely appeal, he may again raise the same questions at the appellate court level that he has presented here, and at that point obtain an appellate court ruling.

The motion to dismiss the indictment is hereby denied and overruled.