**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Wheeler G. FOSHEE, Jr. and Eugene C. Foshee, Defendants-Appellants.**

No. 79–5109.

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1979.

Rehearing Denied Dec. 12, 1979.

James E. Clark, Birmingham, Ala., Frank J. Tipler, Jr., Andalusia, Ala., for defendants-appellants.

D. Broward Segrest, 1st Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before FAY, RUBIN and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

Defendants appeal their conviction and sentence for mail fraud. 18 U.S.C. § 1341.[1] We affirm.

A description of the check kiting scheme giving rise to the mail fraud prosecution appears in *United States v. Foshee*, 569 F.2d 401 (5th Cir.), modified on petition for rehearing, 578 F.2d 629 (5th Cir. 1978). Because the trial judge prevented the defense from arguing that lack of intent to defraud could be inferred from payment of the kited checks, we reversed and remanded for new trial. On remand, the government introduced evidence that loans were unpaid at the time of trial. The primary issue is whether the trial court committed reversible error by admitting this evidence.

### Evidence Of Unpaid Loans

The evidence showed that loans obtained in order to cover the kited checks were not paid, resulting in losses to various lending institutions.[2] The defendants claim this evidence is irrelevant and prejudicial.[3] We disagree. Trial judges have broad discretion in determining relevancy. *Perkins v. Volkswagen of America, Inc.*, 596 F.2d 681 (5th Cir. 1979); *Wright v. Hartford Accident & Indemnity Co.*, 580 F.2d 809 (5th Cir. 1978). The district judge found the questioned evidence relevant to the issue of intent to defraud. The finding was within his discretion.

The difficulty in proving specific intent to defraud in mail fraud cases has resulted in a "liberal policy as to the admission of evidence tending to prove good or

1. The statute provides:

   Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more that $1,000 or imprisoned not more than five years, or both.

2. It was conceded at trial that certain of these loans were "not paid off at a satisfactory rate" and that some were converted into civil judgments which have not been paid.

3. Defendants also argue the evidence of unpaid loans was extrinsic and inadmissible under *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978). The government asserts the evidence was non-extrinsic, relevant, and admissible. Assuming for the purposes of this case that the testimony was extrinsic evidence of other acts or offenses, we find it admissible under *Beechum*.

bad faith." *United States v. Diamond,* 430 F.2d 688, 692 (5th Cir. 1970); *see, United States v. Foshee,* 578 F.2d at 632. This policy is broad enough to permit testimony showing that all of the questioned drafts were paid off and that none of the banks suffered a loss from the check kiting operation. 569 F.2d at 403. The policy extends equally far in the other direction to permit the government to introduce any evidence remotely bearing on the question of fraudulent intent. *United States v. Brandt,* 196 F.2d 653 (2nd Cir. 1952). This includes evidence that loss was sustained as a result of the scheme. *United States v. Foshee,* 578 F.2d at 633; *United States v. Regent Office Supply Co. Inc.,* 421 F.2d 1174 (2nd Cir. 1970). Fraudulent intent is supported by "proof that *someone* was actually victimized by the fraud." *Id.,* at 1181 (emphasis added). In mail fraud cases, evidence is not limited to proof of losses to intended victims. We hold that evidence of failure to repay loans obtained in order to cover kited checks is admissible to show the defendants' intent to defraud at the time the checks are kited. Accordingly, we find no error on this point.

### Other Complaints

■ It is argued that the evidence was insufficient to support Eugene Foshee's conviction. Considering the evidence in the light most favorable to the government, we find sufficient evidence to support the conviction. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Zweig,* 562 F.2d 962 (5th Cir. 1977).

■ Defendants next contend that the court erred in excluding from evidence a letter from a bank executive describing dealings between the bank and the defendants. The letter was not prepared in the routine operation of the business and did not meet the "business record" exception to the hearsay rule. 28 U.S.C. § 1732.

■ Defendants further contend that it was error to admit government charts used to help demonstrate the scheme. This claim is also without merit. The charts were based on competent evidence previously admitted, and the judge instructed the jury that the charts had "no independent evidentiary value," but were used "merely to demonstrate" certain testimony already in evidence. They were, therefore, properly submitted to the jury. *Gordon v. United States,* 438 F.2d 858 (5th Cir. 1971); *Patton v. Archer,* 590 F.2d 1319 (5th Cir. 1979).

■ Finally, defendants cite as error the district court's failure to charge the jury under the Alabama Worthless Check Act, Ala.Code, Title 14, § 234(12). The point is without merit. The federal mail fraud statute prohibits use of postal services in the furtherance of fraudulent schemes, whether or not prohibited by state law. *Parr v. United States,* 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960); *Badders v. United States,* 240 U.S. 391, 36 S.Ct. 367, 60 L.Ed. 706 (1916); *United States v. Williams,* 545 F.2d 47 (8th Cir. 1976).

The convictions are AFFIRMED.

ALVIN B. RUBIN, Circuit Judge, concurs in the result.