UNITED STATES of America

v.

Orlando HART.

No. 80–0380.

United States District Court, E. D. Pennsylvania.

Aug. 5, 1981.

Howard S. Klein, and John Rosenberg, U. S. Attys., Los Angeles, Cal., for plaintiff.

Michael Minkin, and Joseph Lawless, Sprague & Rubenstone, Philadelphia, Pa., for defendant.

## MEMORANDUM

GILES, District Judge.

On December 13, 1980, Orlando Hart was indicted in Criminal Indictment No. 80–0380 on sixteen counts of mail fraud in violation of 18 U.S.C. § 1341 (hereinafter the Mail Fraud Act). The indictment alleges use of the mails pursuant to a scheme to defraud various insurance companies by representing that certain automobile accidents had occurred in which property damage was sustained. On January 22, 1981, Orlando Hart and six co-defendants were indicted in Criminal Indictment No. 81–19. The indictment alleges use of the mails pursuant to a scheme that defendant Hart and two co-defendants devised to defraud insurance companies by submitting fraudulent claims on automobile liability insurance policies and further alleges in Count 14, conspiracy to violate the Mail Fraud Act.

On May 6, 1981, defendant Hart was convicted on Counts I and II of Indictment No. 81–19 and acquitted of all remaining charges contained in this Indictment. On June 26, 1981, defendant Hart brought this Motion to Dismiss Indictment No. 80–0380 based on double jeopardy and prosecutorial vindictiveness. The basis of the motion is that the "same scheme" to defraud was involved in both indictments. Defendant argues that even though the two indictments charge that different mailings were made in violation of the Mail Fraud Act, the mailings were made pursuant to a single continuous scheme. Thus, the government should be prohibited from bringing this action since defendant has already been tried for the purportedly common scheme to defraud.

For the following reasons this court denies defendant's motion to dismiss Criminal Indictment No. 80–0380 on the basis of double jeopardy and prosecutorial vindictiveness, and further finds that defendant's motion is frivolous and dilatory within the meaning of *United States v. Leppo,* 634 F.2d 101 (3d Cir. 1980).

 A careful examination and comparison of the Indictments in Criminal Action No. 81–0019 and in the present action, No. 80–0380 makes it patently clear that the indictments are based on two separate schemes. Indictment No. 81–19 deals with accidents occurring between February 7, 1976 and August 17, 1977. Indictment No. 80–380 deals with accidents occurring between January 1, 1979 and April 11, 1979. The accidents alleged in the two indictments are separated in time by almost two years.

Moreover, different automobiles, different defendants and different victim insurance companies are involved. In Indictment No. 81–19, seven defendants, including Hart, are named, whereas Indictment No. 80–380 involves only Hart.

Indictment 81–19 involves 15 victim insurance companies, whereas Indictment 80–380 involves 5 victim insurance companies. Only two of the insurance companies alleged in 80–380 were also alleged in the previous indictment.

Most significantly, the government has represented and defendant has not disputed, that Indictment No. 81–19 involved the use of insureds' policy numbers, and involved insureds in the scheme in some way. However, Indictment No. 80–380 involves no insureds whatsoever in the scheme itself. The government has stated that in the present case, 18 different insureds will testify that they were not involved in any accident, that they did not report any accident to the insurance company, and that they did not give anyone, including Hart, their permission to report that they were involved in any accident. This differs significantly from the cases involved in Indictment No. 81–19.

Further, unlike 81–19, all policies were written by Wilson & Wilson Agency.

Notably, United States District Judge Daniel H. Huyett, III, who presided over the trial of Criminal No. 81–19, denied Hart's motion to reassign that prosecution to me, based on an examination of the two indictments. He determined that there were two separate schemes alleged and that joinder of the two indictments for trial would be unduly prejudicial to the other defendants in No. 81–19.

The differences between the two schemes are so clear that defendant's double jeopardy motion must be deemed frivolous and dilatory within the meaning of *United States v. Leppo,* 634 F.2d 101 (3d Cir. 1980).

 In any event, even if the same scheme were involved in both indictments, defendant's constitutional right to be free from double jeopardy would not be violated. Case law and Congressional intent is clear and unambiguous, as defendant concedes, that each specific mailing is a separate offense under the Mail Fraud Statute. Defendant argues, however, based on *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955) that the "same scheme" is involved and that the proper unit of prosecution for violation of the Mail Fraud Statute, 18 U.S.C. § 1341, is the "scheme to defraud" and not each separate mailing. However, an examination of the case law and the plain language of the Mail Fraud Statute assures this court that Congress intended each specific mailing to be a separate offense. This is true even though the mailings may be made pursuant to a single scheme to defraud. *Badders v. United States,* 240 U.S. 391, 36 S.Ct. 367, 60 L.Ed. 706 (1916); *United States v. Calvert,* 523 F.2d 895, 914 (8th Cir. 1975), *cert. denied* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976); *United States v. Weatherspoon,* 581 F.2d 595, 601–02 (7th Cir. 1978).

Thus, the government is free to exercise its prosecutorial discretion to charge defendant for each mailing without violating defendant's right to be free from double

jeopardy. In that sense this case resembles *Ebeling v. Morgan*, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915) where the Supreme Court held that a defendant who had successively torn or cut mail bags in the same transaction could be charged and punished separately for the offense as to each separate bag.

■ Defendants rely upon *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) and *Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955) to establish that the proper unit of prosecution under the Mail Fraud Statute is the scheme to defraud, and that since the same scheme is purportedly involved in both indictments, all of the mailings should have been charged in one indictment. Defendant's reliance upon these cases is misplaced. Defendants cite *Ashe v. Swenson* to support the proposition that the double jeopardy clause requires the government to join *at one time* all charges which flow from a single criminal episode or transaction. However, the majority in *Ashe v. Swenson* did not adopt the "same transaction" test suggested by Justice Brennan in his concurring opinion. To the contrary, the case holding is narrowly confined to an application of collateral estoppel principles to the Double Jeopardy Clause. In *Ashe*, the Court held that a defendant who has been acquitted of robbery charges on the grounds that he was not present at the scene of a robbery, cannot be subsequently tried for robbery of the other persons present at the scene. *Ashe v. Swenson* held that the government is collaterally estopped from raising the issue of *identity* at a subsequent trial. Here, there is no issue of collateral estoppel since defendant was found guilty on Counts I and II of the previous indictment dealing with his individual actions. (While he was acquitted of charges relating to conspiracy with the co-defendants in No. 81–19 to commit mail fraud, the present indictment does not charge a conspiracy.)

■ Thus, the majority(s) holding in *Ashe* is not dispositive. In any event, even if this court were to adopt the "same trans-action" test set forth in Justice Brennan's concurrence, the schemes or "criminal episodes" alleged in the two indictments are not so similar as to constitute the "same transaction." Thus, even assuming Justice Brennan's transaction test were to apply, defendants simply have not established that the same transaction is involved.

Similarly, *Bell v. United States* is inapplicable to the present case. In *Bell* the Supreme Court considered whether transportation of two women across state lines for purposes of prostitution constituted one or two violations of the Mann Act. Holding that the Mann Act was directed towards the act of transportation, the court found that defendant could not be cumulatively punished for violations of two counts of the Mann Act simply because he had transported two women across state lines. However, in so holding, the court stressed that where Congress has not clearly and unambiguously defined the punishment for a federal offense, doubt will be resolved against turning a single transaction into multiple offenses. Here, the courts have interpreted congressional intent to be clear—that each mailing is a separate offense under the Mail Fraud Act and a defendant may be charged with successive violations of the Mail Fraud Act as a result of successive mailings. Thus, *Bell* is inapposite.

■ While there *may* be instances in which prosecutorial discretion and the double jeopardy clause are violated by bringing successive indictments for offenses which could have been charged in a single trial, this is not such a case. The offenses charged in the two indictments are separated by a period of nearly two years, involve different victims, claims, automobiles and defendants. Defendant's motion to reassign was denied by Judge Huyett on grounds that joinder would have been prejudicial to other defendants who were not charged as unrelated to the events and transactions in No. 80–380. Under the circumstances, even if this court were to assume the existence of but one scheme, the mailings which occurred were separate offenses under the Mail Fraud Statute and

this court can discern no basis for requiring the prosecution to have charged each of the offenses in a single indictment.

An appropriate order follows.