**UNITED STATES of America, Plaintiff,**

v.

**Jeffrey DELL and Ruth Dell, Defendants.**

**No. 90 CR 128–1.**

United States District Court, N.D. Illinois, E.D.

April 30, 1990.

Ira H. Raphaelson, Interim U.S. Atty. by Victoria J. Peters and John E. Farrell, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Shelly B. Kulwin, Law Offices of Shelly B. Kulwin, Spencer Weber Waller, Freeborn & Peters, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This order concerns the various pretrial motions filed by defendant Jeffrey Dell. For the reasons stated herein, defendant's motions are denied.

### I. THE INDICTMENT

#### A. Factual Allegations

The charges in this case concern the residence at 1305 James Avenue in Long Lake, Illinois, owned by defendant Jeffrey Dell ("Dell") and his wife Patricia. In 1981, Dell and his wife purchased a homeowner's insurance policy which insured their James Avenue residence, as well as the personal property contained therein, against loss by fire damage. They purchased the insurance from American National Fire Insurance Company ("American National"). The government claims that from about October 1981 up to the date of the indictment in this case, Dell and his mother, co-defendant Ruth Dell ("Ruth"), devised and participated in a scheme to defraud American National out of the proceeds of the homeowner's policy. Dell and Ruth allegedly implemented their fraudulent scheme with the help of Lorraine Janik, a real estate agent, and Carl Kelly, a/k/a Sean O'Kelly (hereinafter "O'Kelly"). Specifically, the government alleges that defendants hired O'Kelly to burn down the James Avenue residence. Further, defendants also allegedly solicited O'Kelly to pose as a buyer of the James Avenue residence and to sign a phony real estate sales contract purportedly obligating O'Kelly to purchase the home, which had been for sale since about March 15, 1981. In that manner, the government claims, defendants hoped to eliminate any appearance of a motive on their part for burning down the house.

The government claims that due to the efforts of Dell and O'Kelly, the James Avenue residence was substantially destroyed by arson on approximately January 2, 1982. After the fire, Dell sought to recover the proceeds of the insurance policy from American National. On about May 14, 1982, and October 28, 1982, Dell submitted to American National sworn statements in proof of loss forms in which he stated that the loss resulting from the fire did not originate from any act, design, or procurement on his part.

When American National refused to pay his claim, Dell filed a civil lawsuit in federal court seeking recovery from American National in the amount of $97,000 (Case No. 83 C 1783, assigned to Judge Parsons). The government claims that in connection with the trial of that case in April 1986, Dell falsely testified that O'Kelly was a bona fide purchaser of the James Avenue residence. The government also claims that defendants solicited O'Kelly to falsely testify at the trial that he was a bona fide purchaser. The government further alleges that Dell solicited Janik to falsely testify that O'Kelly was an actual purchaser of the property and that she was the real estate agent who had shown O'Kelly the house and prepared the real estate contract for O'Kelly to sign, when in fact she had never met O'Kelly and had not prepared any contract.

According to the government, when defendants became aware that their activities were being investigated by federal authorities, they solicited O'Kelly and Janik to lie to federal investigators about the circumstances surrounding the purported sale of the James Avenue property. The government claims that Ruth provided O'Kelly with a copy of Janik's prior testimony regarding the circumstances of the sale so that O'Kelly could conform his grand jury testimony to Janik's story. Finally, the government alleges that defendants personally misrepresented their fraudulent activities to federal law enforcement agents.

### B. Charges

The indictment contains twelve counts. Counts One through Seven allege that defendants committed mail fraud in violation of 18 U.S.C. § 1341. These counts are based on the mailing of certain pleadings which were filed in connection with Dell's civil suit to recover the proceeds of the American National homeowner's policy. Specifically, the pleadings from that case which form the basis of the government's charges in this case are: Dell's amended complaint (Count One); American National's answer to the amended complaint (Count Two); American National's notice of deposition and subpoena to Dell (Count Three); American National's trial subpoena to Janik (Count Four); Dell's motion for new trial (Count Five); American National's motion to strike Dell's motion for new trial (Count Six); and Dell's reply brief in support of his motion for new trial (Count Seven). The government claims that defendants are liable for mail fraud because each of the above pleadings was mailed in furtherance of their scheme to defraud American National.

Counts Eight through Eleven assert charges only against Dell. Count Eight alleges that Dell violated 18 U.S.C. § 1623 by committing perjury during his testimony in his civil suit against American National. Count Nine charges that Dell violated 18 U.S.C. § 1622 by procuring Janik to commit perjury during Dell's civil case, and Count Ten charges that Dell further violated § 1622 by procuring perjured testimony from O'Kelly during the same trial. Count Eleven alleges that Dell obstructed justice in violation of 18 U.S.C. § 1503 by advising O'Kelly to lie to federal investigators.

Finally, Count Twelve names only Ruth as a defendant. Count Twelve charges her with obstruction of justice in violation of § 1503 for encouraging O'Kelly to lie to federal investigators.

## II. DISCUSSION

### A. Motion to Dismiss the Indictment

#### 1. Counts One Through Seven

■ To sufficiently allege a charge of mail fraud, the government must show that the defendant knowingly caused the mails to be used in furtherance of a scheme to defraud. *United States v. Draiman*, 784 F.2d 248, 251 (7th Cir.1986). Dell argues that the mail fraud charges against him in Counts One through Seven should be dismissed because they do not satisfy the "in furtherance" requirement. Specifically, Dell contends that none of the mailings on which the government bases the mail fraud charges were designed to further the alleged scheme to defraud American National.

■ To the extent that Dell makes his "in furtherance" argument with respect to Counts One, Five, and Seven, it is easily rejected. Each of those counts are based on mailings Dell made in connection with his civil lawsuit against American National. Clearly, Dell executed each of those mailings, through his attorney, in furtherance of his scheme to defraud American National out of the insurance proceeds of the homeowner's policy.

■ To the extent that Dell's "in furtherance" argument relates to Counts Two, Three, Four and Six, however, it is more plausible. Each of those counts relates to documents mailed by American National's attorney in defending Dell's civil suit. Dell points out that those mailings were made in attempt to thwart his fraudulent scheme, *i.e.*, they were executed for the purpose of preventing Dell from recovering any proceeds from American National. Dell ar-

gues that mailings designed to frustrate or prevent the accomplishment of the fraud are not made "in furtherance" of the fraud, and therefore those mailings cannot constitute a basis for a violation of 18 U.S.C. § 1341.

Before the Supreme Court's decision in *Schmuck v. United States*, —— U.S. ——, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), Dell's argument would have been more persuasive. Prior to *Schmuck*, in *United States v. Bonansinga*, 773 F.2d 166 (7th Cir.1985), the Seventh Circuit reversed one count of a mail fraud conviction after determining that the mail fraud charge was based on a mailing which was not "in furtherance" of the fraudulent scheme. *Id.* at 172. The court held that the mailing in question could not constitute a basis for mail fraud because the mailing "made it more likely that defendant's scheme would be detected" and "put [the allegedly defrauded party] on notice [of facts] that might have revealed [the fraud]." *Id.*

In *Schmuck*, however, the Supreme Court construed the federal mail fraud statute more broadly than the court in *Bonansinga*. The Court held that to meet the "in furtherance" requirement of the statute, "[i]t is sufficient for the mailing to be 'incident to an essential part of the scheme.'" 109 S.Ct. at 1447 (quoting *Badders v. United States*, 240 U.S. 391, 394, 36 S.Ct. 367, 368, 60 L.Ed. 706 (1916)). The Court expressly rejected "[t]he contention that mailings that someday may contribute to the uncovering of a fraudulent scheme cannot supply the mailing element of the fraud offense." 109 S.Ct. at 1449.

Subsequent to *Schmuck*, the Seventh Circuit was presented with a case similar to the instant action. In *United States v. Kuzniar*, 881 F.2d 466 (7th Cir.1989), the government charged the defendants with mail fraud after they allegedly burned down a building they owned to obtain the insurance proceeds. *Id.* at 468. As in the instant case, all of the mailings on which the mail fraud charges were based in *Kuzniar* arose out of a civil action which the criminal defendants brought against

the insurer to collect the insurance proceeds. *Id.* at 472. The court stated:

The mail fraud statute requires only that a defendant "causes" the mails to be used. A defendant "causes" the mails to be used when he or she acts "with the knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen...."

*Id.* (quoting *Pereira v. United States*, 347 U.S. 1, 8–9, 74 S.Ct. 358, 362–63, 98 L.Ed. 435 (1954)). The court then held that each of the mailings, some of which were letters sent by the insurer's attorney, constituted a sufficient basis for a mail fraud charge because each mailing was a reasonably foreseeable result of the defendants' fraud. The court specifically rejected defendants' argument that the mailings did not further the fraud scheme, stating:

The defendants claim that rather than being in furtherance of the scheme, these letters could have at best hindered the scheme by making it more difficult to collect the insurance proceeds. The Supreme Court rejected an identical argument in *Schmuck*.

*Id.* In light of *Schmuck* and *Kuzniar*, Dell's argument that the mailings in Counts One through Seven were not made "in furtherance" of his alleged fraud scheme, or were not reasonably foreseeable, must be rejected. His motion to dismiss those counts is accordingly denied.

**2. Counts Eight Through Ten**

Dell moves to dismiss the perjury and subornation of perjury charges in Counts Eight through Ten on several grounds. The court rejects each of Dell's challenges to these counts.

■■■ "An indictment is sufficient if it contains the elements of the offense charged and adequately informs the defendant of the specific charges against him, enabling him to prepare a defense for trial and permitting him to plead an acquittal or conviction in order to bar any further prosecution for the same offense." *United States v. Brack*, 747 F.2d 1142, 1146 (7th Cir.1984), *cert. denied*, 469 U.S. 1216, 105

S.Ct. 1193, 84 L.Ed.2d 339 (1985); *see also United States v. Mosley,* 786 F.2d 1330, 1334 (7th Cir.), *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2919, 91 L.Ed.2d 548 (1986). To state a claim for perjury under 18 U.S.C. § 1623, the government must allege that the defendant gave knowingly false testimony regarding a material fact. *United States v. Serola,* 767 F.2d 364, 369 (7th Cir.1985). In a claim for subornation of perjury, the government must allege that the defendant procured another to commit perjury. 18 U.S.C. § 1622.

Counts Eight through Ten clearly meet each of the above-stated requirements.

Dell argues that the perjury charges should be dismissed because they are based on the government's mischaracterization of his testimony and the testimony of Janik and O'Kelly in the civil suit against American National. He further claims that all of the testimony given by himself, Janik and O'Kelly in that civil suit was truthful. Dell further posits that the testimony on which the government bases the perjury charges was not material to any issue in the civil case. Each of these arguments, however, attacks whether the government can prove its case, not whether the charges, as alleged in the indictment, sufficiently set forth the elements of a perjury offense. Therefore, Dell's arguments are not proper grounds for dismissal of the charges. If this case proceeds to trial, Dell will have the opportunity to challenge the government's perjury case with these arguments, but at this juncture such arguments are premature. Accordingly, the motion to dismiss Counts Eight through Ten is denied.

### 3. Count Eleven

Dell makes three arguments with respect to the obstruction of justice charge in Count Eleven. He first argues that by deleting all references to witnesses from 18 U.S.C. § 1503 when that statute was amended in 1982, Congress intended that obstruction of justice relating to the testimony of witnesses no longer fall within § 1503. The Seventh Circuit, however, has expressly rejected this position. *United States v. Rovetuso,* 768 F.2d 809, 824 (7th Cir.1985), *cert. denied,* 474 U.S. 1076, 106 S.Ct. 838, 88 L.Ed.2d 809 (1986). Therefore, Dell's argument is without merit.

Dell's second argument is that Count Eleven fails to satisfy the requirement in § 1503 that the obstruction of justice charge must relate to a pending court proceeding or grand jury investigation. The indictment, however, expressly charges that Dell solicited O'Kelly to lie to federal investigators and the grand jury. (¶ 15) Thus, the indictment clearly alleges that Dell's obstruction of justice occurred in connection with a grand jury investigation. *See United States v. McComb,* 744 F.2d 555, 561 (7th Cir.1984) (grand jury investigation considered "pending" within meaning of § 1503 where steps have been taken to secure a presently contemplated presentation of evidence before a grand jury).

Dell's final argument is that he never advised O'Kelly to lie about anything. As with some of Dell's previous arguments, this argument is no basis for dismissal because it attacks whether the government can prove its charge, not whether the government has sufficiently alleged a chargeable offense. Accordingly, Dell's motion to dismiss Count Eleven must be denied.

### B. Motion for A Bill of Particulars

■ Pursuant to Fed.R.Crim.P. 7(f), Dell moves the court for an order directing the government to provide him with more specific factual details of the charges, including the dates and times of his alleged attempted arson and the dates and times of his alleged solicitation of perjury and obstruction of justice. A court may order a bill of particulars whenever the indictment fails to sufficiently apprise the defendant of the charges against him. *United States v. Kendall,* 665 F.2d 126, 134 (7th Cir. 1981), *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982). However, where the indictment sets forth the elements of the offense and states the charges with sufficient specificity to allow the defendant to prepare a defense and avoid the potential for double jeopardy, no bill of particulars is necessary. *Id.*

The court finds that under these standards, a bill of particulars is unnecessary in this case. The charges in this case are not particularly complex, and this is not a case where the government has made only vague allegations. The indictment is relatively clear and specific, and it sufficiently apprises Dell of the charges to allow him to prepare a proper defense. Accordingly, the motion for a bill of particulars is denied.

### C. Motion For A Hearing on the Admissibility of Co–Conspirators' Statements

 Statements of a defendant's alleged co-conspirators offered as evidence against the defendant are inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence unless the government can show, by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the defendant and the declarant were members of the conspiracy when the statements were made; and (3) that the statements were made during the course of and in furtherance of the conspiracy. *United States v. Santiago,* 582 F.2d 1128, 1135 (7th Cir.1978). Dell contends that this court should conduct a hearing to determine whether defendant's alleged co-conspirator's statements are admissible under *Santiago.* The government, however, has requested to file a written proffer of proof detailing its evidence in support of the *Santiago* factors. The Seventh Circuit has expressly recognized that a written proffer of proof is the preferred method for determining the admissibility of co-conspirator's statements. *See United States v. Boucher,* 796 F.2d 972, 974 (7th Cir.1986); *United States v. Andrus,* 775 F.2d 825, 837 (7th Cir.1985). Therefore, this court finds it unnecessary to conduct a *Santiago* hearing, and Dell's motion for such a hearing is accordingly denied. The government must submit its written proffer to the court no later than ten days prior to trial.

### D. Discovery Motions

Dell has filed five separate motions seeking various forms of discovery. In large part, the government responds to these discovery requests by stating that it either has already produced the material sought or it will produce such material sufficiently in advance of trial to allow Dell and his attorneys to make use of it.

 To the extent the government has objected to Dell's requests, the government's objections are valid. Specifically, the government is justified in objecting to Dell's request for a list of persons who were interviewed by government agents or who testified before the grand jury, but whom the government does not plan to call as witnesses. There is simply no authority for such a request. The government is also justified in refusing to immediately produce impeaching material pursuant to *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Such material may be produced just prior to trial, as the government proposes. In addition, the government justifiably objects to Dell's discovery request made in his motion for Jencks Act materials. Therein, Dell asks the government to produce a copy of the transcript of proceedings in his civil case against American National. The government has objected to producing any part of the transcript not containing Jencks Act material. This response is entirely reasonable, considering that the transcript is a public document which is readily available for a fee from the court reporter upon Dell's request. Finally, the government has justifiably objected to Dell's motion for immediate disclosure of the circumstances surrounding any statements made by him to non-governmental third parties. Such statements are only available to a defendant in accordance with the Jencks Act. *United States v. Fearn,* 589 F.2d 1316, 1320 (7th Cir.1978). The government has already agreed to disclose such materials, in accordance with the Jencks Act, after the government witnesses have testified on direct examination.

In short, the court finds that to the extent the government has objected to Dell's discovery requests, those objections are reasonable and justified. Otherwise, the government represents that it has satisfied

or will satisfy the remainder of Dell's requests. Therefore, the court finds it unnecessary to grant any of Dell's motions seeking to compel discovery from the government. Those discovery requests are accordingly denied.

### CONCLUSION

For the foregoing reasons, Dell's pretrial motions are denied.

IT IS SO ORDERED.