**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**George POWERS, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Supreme Health Care Services, Inc.,**
**Defendant—Appellant.**

Nos. 01–50026, 01–50028.
D.C. Nos. CR–99–565–TJH–
01, CR–99–565–TJH–02.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2002.

Decided May 31, 2002.

---

Before HAWKINS and FISHER, Circuit Judges, and WEINER, District Judge.[1]

## MEMORANDUM[2]

George Powers appeals his conviction, sentence and order of restitution following a guilty verdict on charges of wire fraud in violation of 18 U.S.C. § 1343. Supreme Health Care Services, Inc. appeals its conviction and the district court's order of restitution. The district court had jurisdiction pursuant to 18 U.S.C. § 3231; this court has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1219. We affirm in part, reverse in part and remand for resentencing.

 The facts are well known to the parties and will be repeated here only as is necessary to explain our decision. At oral argument, the Panel directed the Government to identify those excerpts of the record which it believed tied the trial evidence to the specific counts contained in the indictment. Later, we ordered the parties to submit supplemental briefs addressed to the issue of whether the wire fraud convictions can be upheld if the government presented insufficient evidence that the individual uses of the wires named in the indictment were themselves fraudulent, even if there was evidence to prove that the defendants' overall use of the wires to effectuate the scheme was fraudulent. Having reviewed these submissions, we conclude that the convictions on Counts 1—5, related to Medicare patients at Verdugo Vista Convalescent Hospital, cannot be sustained on the evidence presented to the jury. The evidence was sufficient to establish the overall scheme to defraud and to support the convictions on Counts 6—20.

Wire fraud has three elements: a scheme to defraud, use of the wires in furtherance of the scheme, and specific intent to defraud. *United States v. Garlick*, 240 F.3d 789, 792 (9th Cir.2001). The evidence amply demonstrated an overall scheme to defraud the Medicare system by billing for saline and syringes that defendants could not possibly have delivered. Supreme's financial records showing the discrepancy between what it ordered at wholesale and what it purportedly delivered at retail, along with the testimony of Supreme's co-founder detailing how Supreme marketed saline and syringes to nursing homes by packaging them with free supplies that were otherwise non-reimbursable, were sufficient to establish the appellants knowingly devised or participated in a scheme to defraud or obtain money by means of false and fraudulent pretenses. The problem identified at oral argument is that the evidence did not establish that the quantities of product indicated in the individual invoices were not delivered. We therefore must decide whether the invoices enumerated as counts were in furtherance of the fraud.

A use of the wires or mails may be in furtherance of a scheme to defraud, even where the transmission itself is not fraudulent or false, where the use serves some purpose that advances the fraud or contributes to the success of the scheme. *Schmuck v. United States*, 489 U.S. 705, 710–11, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). "To be part of the execution of the fraud, however, the use of the [wires] need not be an essential element of the scheme.... It is sufficient for the mailing

---

1. Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

to be 'incident to an essential part of the scheme,' ... or 'a step in [the] plot.'" *Id.* (quoting *Badders v. United States,* 240 U.S. 391, 394, 36 S.Ct. 367, 60 L.Ed. 706 (1916)). Following *Schmuck,* we have held that it is sufficient that the use of the wires or mails be "incidental" to the fraud. *United States v. Lo,* 231 F.3d 471, 478 (9th Cir.2000).

The government's evidence on Counts 1—5 consisted solely of the testimony of an employee of Verdugo Vista who stated only that the nursing home never received deliveries from Supreme as large as those billed. There was no attempt to connect the specific bills upon which these counts are based with any contemporaneous delivery receipt that was fraudulent. Accordingly we find there was insufficient proof presented to the jury to conclude that the use of the wire was incidental to an essential part of the scheme to defraud, and thus to sustain these counts.

As for the other counts, the government offered delivery receipts that were roughly contemporaneous with the Medicare bills, along with the testimony from nursing home employees that showed that all of the bills generated from those deliveries had to be fraudulent. For example, Supreme made a delivery to Ararat for twenty-five Medicare patients, subsequently submitting twenty-five invoices based on that delivery. Four of those invoices were charged as counts in the indictment. Where the delivery and the billing for the delivery were done as single acts and cannot be segregated by patient, it is fair to say that the entire billing, as well as each constituent invoice, furthered the scheme to defraud. If the government could have segregated the delivery by individual pa-

tient and invoice, then perhaps it would be appropriate to require the government to show that individual bills relating to individual patients were false. Here, however, where the delivery and billing were done in groups, and cannot be segregated by patient, it is fair to say that the group as a whole—and each constituent invoice—furthers the scheme. Accordingly, we find the evidence of wire fraud was sufficient to sustain the particular invoices/counts identified in the indictment.[3]

AFFIRMED IN PART, REVERSED IN PART, REMANDED FOR RESENTENCING. All pending Motions are denied as moot.

**3.** Given our holding on Counts 1—5, we vacate the sentences and remand for resentencing. We need not reach appellants' additional arguments that the length of Powers' prison term and the amount of restitution awarded against each defendant violate *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).