**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Johannes VAN DER ENT; Janice Van Der Ent, Defendants–Appellants.**

No. 01–3423, 01–3430, 02–3041.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before BATCHELDER and MOORE, Circuit Judges; and COLLIER, District Judge.[*]

## ORDER

Johannes (Hans) Van Der Ent and Janice Van Der Ent, proceeding pro se, appeal from their judgments of conviction and sentence and from a district court denial of their motion seeking a new trial under Fed.R.Crim.P. 33. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In December 2000, a jury convicted the defendants of mail fraud in violation of 18 U.S.C. § 1341. The court sentenced Hans to a total of twenty-five months of imprisonment, plus three years of supervised release. The court sentenced Janice to a total of eighteen months of imprisonment, plus three years of supervised release. Each defendant was ordered to pay restitution in the amount of $196,973.28. The defendants filed timely notices of appeal. (Case Nos. 01–3423 and 01–3430). The defendants argue that: 1) the district court improperly instructed the jury, which resulted in both an improper amendment of their indictment and an improper variance between the conduct charged and the evidence presented at trial; 2) their indictment was duplicitous because the government charged three separate offenses in one count of the indictment; 3) the district court improperly considered the amount of loss set forth in counts one and four of the indictment; 4) the prosecutor knowingly used false and/or forged documents to establish that the defendants were employees of CBC, and that counsel rendered ineffective assistance by not challenging the documents.

While their appeals were pending, the defendants filed a motion for a new trial in the district court. Upon review, the district court denied the motion as without merit. The defendants filed a timely notice of appeal. (Case No. 02–3041). In this appeal, the defendants argue that the district court improperly denied their motion for a new trial. The appeals have been consolidated.

■ Upon review, we conclude that the district court did not constructively amend the defendants' indictment or provide instructions that resulted in an improper variance. This court reviews a district court's choice of jury instructions under an abuse of discretion standard. *United States v. Prince*, 214 F.3d 740, 761 (6th Cir.2000). The defendants' arguments are based, in part, upon the erroneous contention that the jury instructions broadened the charged offenses, thus constructively amending their indictment. "A constructive amendment to the indictment occurs when 'the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of an offense charged

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment.'" *United States v. Manning,* 142 F.3d 336, 339 (6th Cir.1998) (*quoting United States v. Hathaway,* 798 F.2d 902, 910 (6th Cir.1986)).

It is clear from the record that the district court's jury instructions did not alter the terms of the indictment so as to modify essential elements of the offense. A review of the indictment establishes that the indictment alleged a scheme to defraud CBC of both tangible and intangible property rights. Pursuant to 18 U.S.C. § 1346, a scheme to defraud includes a scheme "to deprive another of the intangible right of honest services." Hence, the court properly instructed the jury as to "honest services." In addition, the court's instructions on the employment relationship were a correct statement of the law. The court's instructions merely informed the jury that agents and independent contractors could be found to owe a fiduciary duty to an employer. The district court's jury instructions as to fiduciary duties owed to CBC by employees, agents, and independent contractors were correct statements of the law, and they were fully consistent with the allegations presented in the indictments where the defendants were alleged to have violated their fiduciary duties to CBC by devising a scheme to defraud CBC.

■ Likewise, the court's instructions did not result in an improper variance between the charged conduct and the evidence presented at trial. *See United States v. Tandon,* 111 F.3d 482, 487 (6th Cir.1997). For the reasons stated above, the evidence presented at trial was fully consistent with the indictment.

We also conclude that the defendants' indictment was not duplicitous. *United States v. Adesida,* 129 F.3d 846, 849 (6th Cir.1997). A review of the defendants'

indictment establishes that the indictment set forth three separate and distinct fraud offenses in counts 1, 2, and 3. Specifically, the indictment set forth three counts of mail fraud, each count based on a separate mailing of a check on different days and for different amounts. Pursuant to 18 U.S.C. § 1341, each mailing in furtherance of a scheme to defraud constitutes a separate offense. *Badders v. United States,* 240 U.S. 391, 394, 36 S.Ct. 367, 60 L.Ed. 706 (1916); *United States v. Stull,* 743 F.2d 439, 444–45 (6th Cir.1984).

In addition, the district court properly determined the defendants' offense level. *United States v. Hardin,* 248 F.3d 489, 492 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 271, 151 L.Ed.2d 199 (2001). First, contrary to the defendants' argument, the district court did not include the amount of loss listed in count 4. Second, the district court properly counted the remaining $196,973.28 obtained by the defendants from the Roth Industries fraudulent scheme, including the check from CBC to Roth Industries for $86,400 set forth in count 1. The court properly included the loss amount listed in count 1 as relevant conduct. *See* USSG § 1B1.1(a)(2); *United States v. Comer,* 93 F.3d 1271, 1284 (6th Cir.1996).

■ We conclude that the defendants are not entitled to relief on their prosecutorial misconduct claim, because the defendants' argument is barred by the doctrine of invited error. *See United States v. Sharpe,* 996 F.2d 125, 129 (6th Cir. 1993). The government properly noted that it did not introduce the documents into evidence. Rather, the defendants' attorney introduced the documents during his cross examination of a government witness. Furthermore, contrary to the defendants' arguments, the record does not suggest that the documents were falsely manufactured. Concerning the

amended W–2c form, CBC's Vice President of Finance explained that an amended W–2c was filed after it was discovered CBC's previous accountant had neglected to pay taxes for Hans. In addition, he stated that the alleged false verification form was amended only in that the employer's certification at the bottom had been completed, as required by law. *See* 8 U.S.C. § 1324a(b).

■ Likewise, the defendants simply did not establish that counsel rendered ineffective assistance for failing to challenge the government's alleged use of these documents. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). For the reasons stated above, there is nothing in the record to indicate that the documents were improperly manufactured. Hence, counsel did not render ineffective assistance for failing to obtain an expert witness to testify that the documents had been falsified and/or forged.

Finally, we conclude that the district court properly denied the defendants' Rule 33 motion seeking a new trial. *See McCurdy v. Montgomery County, Ohio*, 240 F.3d 512, 517 (6th Cir.2001). A motion for a new trial based upon newly discovered evidence should be granted only where: 1) the new evidence was discovered after trial; 2) the evidence could not have been discovered earlier with due diligence; 3) the evidence is material; and 4) the evidence would likely produce an acquittal. *See United States v. Turns*, 198 F.3d 584, 586 (6th Cir.2000).

■ The defendants did not establish that the evidence they relied on was discovered after trial. The defendants knew or should have known at the time of their trial, that a) the complained of documents had allegedly been falsified, and that b) there were individuals who could have provided statements in support of the defendants' contention that Hans was an independent contractor. Hence, the defendants' "evidence" does not constitute newly discovered evidence because they should have been aware of these matters at the time of his trial. *See id.*

Accordingly, we affirm the judgments of conviction and sentence and affirm the district court's denial of a new trial. Rule 34(j)(2)(C), Rules of the Sixth Circuit.